UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-20916-BLOOM/Otazo-Reyes**

MARIUS LISTHROP, *a/k/a SCARLXRD*,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.
_____/

**SEALED ORDER GRANTING
CORRECTED MOTION FOR ALTERNATIVE SERVICE**

**THIS CAUSE** is before the Court upon Plaintiff's Corrected *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants, ECF No. [13] ("Motion"). The Court has considered the Motion, the record in this case, and the applicable law, and is otherwise fully advised.

Plaintiff Marius Listhrop ("Plaintiff") seeks an order granting alternative service of process on the Defendants, the Individuals, Partnerships, and Unincorporated Associations Identified in Revised Schedule "A"[1] (collectively "Defendants"), all of which are foreign. Plaintiff alleges that Defendants have established Internet-based businesses and utilize electronic means as reliable forms of contact. Therefore, Plaintiff seeks to serve Defendants by both e-mail and by website posting.

Rule 4(h)(2) of the Federal Rules of Civil Procedure (the "Rules") describes the various ways in which a plaintiff may serve foreign entities and incorporates the service methods set forth

---

[1] Revised Schedule "A" is attached to Plaintiff's Corrected Motion to File Under Seal. ECF No. [14-1].

in Rule 4(f). Rule 4(f)(3), in turn, provides that service may be accomplished "by other means not prohibited by international agreement, as the court orders." Notably, alternative methods of service under Rule 4(f)(3) are available without first attempting service by other means. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). "So especially in a circumstance where service upon a foreign corporation under Rule 4(f)(1) or 4(f)(2) has been cumbersome, district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements." *Brookshire Brothers, Ltd. v. Chiquita Brands Int'l, Inc.*, No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)).

For the following reasons, the Court finds that alternative service of process under Rule 4(f)(3) is warranted here. First, the Hague Convention does not specifically preclude service via e-mail and website posting. Where a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e-mail or website posting. *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, No. 15-cv-20590, 2015 WL 5320947 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms of service set forth in the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 658 U.N.T.S. 16, is limited to the specific forms of service objected to). A court acting under Rule 4(f)(3) therefore remains free to order alternative means of service where, as here, a signatory nation has not expressly objected to those means. *See Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011). Accordingly, the requested service methods are not prohibited by international agreement. Second, Defendants use at least one known and valid form of

electronic contact to conduct their Internet-based businesses, and Plaintiff has created a website for the sole purpose of providing notice of this action to Defendants, the address to which will be provided to Defendants' known e-mail accounts and onsite contact forms. Therefore, service via e-mail and through posting on a designated website is "reasonably calculated, under all circumstances, to apprise [Defendants] of the pendency of the action and afford them an opportunity to present their objections." *See Brookshire Brothers, Ltd.*, 2007 WL 1577771, at *1. Thus, the Court will exercise its discretion to allow service on Defendants through e-mail and website posting.

Accordingly, the Court **ORDERS AND ADJUDGES** as follows:

1. Plaintiff's Motion, **ECF No. [13]**, is **GRANTED**;

2. Pursuant to Rule 4(f)(3), Plaintiff is permitted to serve the Summonses, Complaint, and all filings in this matter upon each Defendant in this action:

   a. via e-mail by providing the address to Plaintiff's designated serving notice website to Defendants via the e-mail accounts provided by that Defendant as part of the data related to its website or e-commerce store, including customer service e-mail addresses and onsite contact forms, or via the e-commerce marketplace platform for each of the e-commerce stores. *See* Schedule "A" attached to Plaintiff's Complaint, which lists Defendants' Seller IDs and associated e-commerce marketplace platform; **and**

   b. via website posting by posting copies of the Summonses, Complaint, and all filings and discovery in this matter on Plaintiff's Website appearing at the URL https://www.dropbox.com/sh/oqmo4hl3mab5ekn/AABBJVz0wDgX6ELQVH7sPFL2a?dl=0.

Case No. 21-cv-20916-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 16, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record